IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01578-PAB-KLM

MARVIN WILLIAMS, JR.,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC,
HSBC MORTGAGE SERVICE,
HAMMERSMITH MANAGEMENT FOR TUSCANY
SOUTH RECREATION ASSOCIATION, and
COLBY STRUCTURAL ANALYSIS LLC,

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's "Counter Claim and Petition for Restraining Order" [Docket No. 5], amended "Counter Claim and Petition for Restraining Order," [Docket No. 6], and "Emergency Temporary Restraining Order" [Docket No. 7]. Plaintiff, who is pro se, seeks an ex parte restraining order, requesting that the Court enjoin defendant "Ocwen Loan Servicing LLC and any successor in interest from foreclosing" on his property, Docket No. 6 at 32, and preventing defendant Colby Structural Analysis LLC from evicting him from the property on September 2, 2010. Docket No. 7 at 1.[1] The Court's jurisdiction over this case is premised upon

---

[1] Plaintiff filed his "Emergency Temporary Restraining Order" on the afternoon of September 2, 2010, representing that defendant "Colby Structural Analysis LLC has submitted eviction of property 18900 E. Lake Drive scheduled for Tuesday, September 2, 2010." Docket No. 7 at 1. The Court reads that filing as indicating that defendant Colby Structural Analysis LLC intends to evict plaintiff and his family from the property on Thursday, September 2, 2010.

plaintiff's invocation of federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

As an initial matter, plaintiff has not complied with the Local Rules. Local Rule 7.1 prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule." Plaintiff has not certified compliance with Local Rule 7.1. Moreover, Local Rule 65.1(A) imposes requirements, in addition to those found in Local Rule 7.1, on parties seeking a temporary restraining order and makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order." Local Rule 65.1(A)(2). Plaintiff has not certified or otherwise established that he has provided defendant actual notice of his motion or described what efforts he has taken to provide such notice.[2]

Turning to the requirements of Federal Rule of Civil Procedure 65, the Court may issue a preliminary injunction, pursuant to Rule 65(a), "only on notice to the adverse party." Fed. R. Civ. P. 65(a). To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of

---

[2]Furthermore, plaintiff has not complied with Local Rule 65.1(C), which requires that a "properly completed temporary restraining order information sheet shall be given to the clerk at the time of filing of the motion for temporary restraining order." The information sheet can be found in Appendix I to the Local Rules.

preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Therefore, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Plaintiff has not pled specific facts that demonstrate he is likely to succeed on the merits of his case. Instead, plaintiff's filings contain a loosely organized collection of generalized allegations, legal statements and broad criticisms of the legal system and the financial industry with only a few minimal factual allegations that are specific to him. Without more, the Court cannot determine what, if any, factual basis plaintiff believes supports his entitlement to relief under any of the legal bases he cites. Despite the leniency afforded a pro se party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), plaintiff still must, but has failed to, allege sufficient facts to establish that he is properly entitled to relief. *See Hall*, 935 F.2d at 1110.

Furthermore, as noted above, there is no indication that plaintiff has provided

any notice of his motion to the defendants.  Therefore, in addition to the prerequisites outlined above, plaintiff must also meet the requirements of Federal Rule of Civil Procedure 65(b), which provides that the

> court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  Plaintiff has not filed an "affidavit or verified complaint." Furthermore, in regard to defendant Ocwen Loan Servicing LLC, plaintiff has failed to offer "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).  All that can be gleaned from his filings is that plaintiff contends that defendant Ocwen Loan Servicing LLC seeks to wrongfully foreclose on plaintiff's property.  He does not, however, indicate whether a foreclosure sale is imminent or, indeed, if it has even been scheduled.  Plaintiff has not demonstrated why he cannot provide defendant Ocwen Loan Servicing LLC with notice and an opportunity to be heard before such time as a foreclosure sale is scheduled and held.

The lack of specific factual allegations also prevents meaningful analysis of the balance-of-equities and public-interest factors.  There are equities and a public interest that can be implicated both by the halting of illegitimate foreclosures and evictions and the allowing of legitimate ones to proceed.  The Court is unable to characterize the

4

foreclosure at issue here – assuming there is a foreclosure sale pending – nor the eviction proceedings referenced by the plaintiff and, consequently, cannot determine in whose favor these factors weigh.

For the foregoing reasons, it is

**ORDERED** that plaintiff's "Counter Claim and Petition for Restraining Order" [Docket No. 5], amended "Counter Claim and Petition for Restraining Order," [Docket No. 6], and "Emergency Temporary Restraining Order" [Docket No. 7] are DENIED.

DATED September 3, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge