IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01578-PAB-KLM

MARVIN WILLIAMS, JR.,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC,
HSBC MORTGAGE SERVICE,
HAMMERSMITH MANAGEMENT FOR TUSCANY
SOUTH RECREATION ASSOCIATION, and
COLBY STRUCTURAL ANALYSIS LLC,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's "Emergency Temporary Restraining Order" [Docket No. 15]. On August 31, 2010, plaintiff filed a "Counter Claim and Petition for Restraining Order" [Docket No. 5] and an amended "Counter Claim and Petition for Restraining Order" [Docket No. 6], followed on September 2, 2010 by an "Emergency Temporary Restraining Order" [Docket No. 7]. In an order dated September 3, 2010, the Court denied these three motions because plaintiff failed to comply with the Local Rules and had not shown that he met the prerequisites to issuance of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.[1] More specifically, plaintiff's filings failed to contain specific facts that demonstrated

---

[1]To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a

that he is likely to succeed on the merits of his case.  Instead, as the Court noted in its September 3 Order, plaintiff's filings contained a loosely organized collection of generalized allegations, legal statements and broad criticisms of the legal system and the financial industry with only a few minimal factual allegations that are specific to him.

In his renewed motion, plaintiff now adds that his property "was fraudulently sold by Hammersmith Management to Colby Structural Analysis in collusion in lower courts without due process in Federal Courts," Docket No. 15 at 2, ¶ 1, and that he "believe[s] that Colby Structural Analysis is obtaining properties as fraudulent holder in due course."  Docket No. 15 at 2, ¶ 3.  These conclusory allegations, without some factual averments to support them, are insufficient to show a likelihood of success on the merits.  On September 13, 2010, plaintiff also filed a proposed amended complaint [Docket No. 16-1] along with a motion for leave to amend his complaint [Docket No. 16]. While the proposed complaint includes a few more factual allegations regarding the impetus for the foreclosure proceedings, it too fails to provide a basis for the Court to conclude plaintiff is likely to succeed on the merits of his claims.

---

likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Therefore, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Finally, plaintiff requests an injunction preventing the defendants from foreclosing on his property. *See* Docket No. 15 at 3. He does not explain, and the Court questions, the effect an injunction directed at any of the named defendants could have at this point in time, as it appears that the state foreclosure proceedings are complete. Plaintiff asserts that he has been notified by the Arapahoe County Sheriff's Department that he will be evicted from his property on September 15, 2010. *See* Docket No. 15 at 2, ¶ 4. That leads the Court to think that the Rule 120 proceedings, the subsequent order authorizing sale, and a public sale of the property have all transpired. Plaintiff, however, has not provided a factual narrative sufficient to determine what precisely has occurred.

For the foregoing reasons, it is

**ORDERED** that plaintiff's "Emergency Temporary Restraining Order" [Docket No. 15] is DENIED.

DATED September 14, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge