IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01578-WJM-KLM

MARVIN WILLIAMS, JR.,

      Plaintiff,

v.

OCWEN LOAN SERVICING LLC,
HSBC MORTGAGE SERVICE,
HAMMERSMITH MANAGEMENT INC FOR TUSCANY SOUTH RECREATION ASSOCIATION, and
COLBY STRUCTURAL ANALYSIS LLC,

      Defendants.
_____

**ORDER & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the Order to Show Cause [Docket No. 39] issued on February 7, 2011. The Order to Show Cause provided as follows:

> IT IS HEREBY **ORDERED** that Plaintiff shall show cause why the Court should not recommend that his case against Defendant Hammersmith Management be dismissed for failure to timely serve this Defendant pursuant to Fed. R. Civ. P. 4(m). On or before **February 21, 2011**, Plaintiff shall either file proof of service on this Defendant or respond in writing to this Order with a demonstration of good cause for his failure to properly serve this Defendant. Failure to comply with this Order will result in this Court issuing a recommendation to dismiss the case against Defendant Hammersmith Management.
>
> IT IS FURTHER **ORDERED** that Plaintiff shall show cause why the Court should not recommend that his case against the other Defendants be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). On or before **February 21, 2011**, Plaintiff shall either file responses to the pending Motions to Dismiss [#30 & 35] or respond in writing to this Order with a demonstration of good cause for his failure to prosecute this case. Failure

>to comply with this Order will result in the issuance of a recommendation to dismiss the case pursuant to Fed. R. Civ. P. 41(b).

*Order to Show Cause* [#39] at 2-3. On February 23, 2011, the Court extended the deadline for complying with the Order to Show Cause to March 11, 2011. *Minute Order* [Docket No. 44].

On March 11, 2011, Plaintiff filed a Status Update to Court [Docket No. 46] (the "Status Update") in response to the Order to Show Cause. The Status Update does not include a demonstration of good cause for Plaintiff's failure to serve Defendant "Hammersmith Management Inc. for Tuscany South Recreation Association" named in the Second Amended Complaint [Docket No. 22]. Accordingly, pursuant to the Order to Show Cause and Fed. R. Civ. P. 4(m),

I respectfully **RECOMMEND** that Plaintiff's claims against Defendant Hammersmith Management Inc. for Tuscany South Recreation Association be **DISMISSED**.

The Status Update also does not include a demonstration of good cause for Plaintiff's failure to respond to the pending Motions to Dismiss [Docket Nos. 30 & 35] in a timely manner. The deadlines for Plaintiff to respond to the Motions to Dismiss expired on November 26, 2010 and December 27, 2010. *Order to Show Cause* [#39] at 1. To date, Plaintiff still has not filed a response in opposition to either motion. In the Status Update, Plaintiff provides absolutely no explanation for his failure to respond.

Even if the Court liberally construes the Status Update itself as a response in opposition to the Motions to Dismiss, it is devoid of substantive argument. The Status Update contains only one statement that pertains to why the Court should not grant the Motions to Dismiss. Plaintiff states that he "believes the court case should not be

dismissed as a pending settlement should be scheduled and concluded." *Status Update* [#46] at 2.  This statement is not a substantive response to the arguments raised in the Motions to Dismiss.  Further, it does not present a valid reason for denying the Motions to Dismiss or a request for relief that the Court is capable of granting (i.e., it requests a settlement of the case, which can only be reached by the parties themselves).  Because Plaintiff neither filed responses to the Motions to Dismiss nor explained his failure to do so, the Court finds that he has not complied with the Order to Show Cause.  Plaintiff's failure to present any substantive argument in opposition to the Motions to Dismiss despite being granted ample opportunity to do so evidences his lack of interest in prosecuting his case in compliance with the Federal Rules of Civil Procedure and the orders of this Court.

Given Plaintiff's failure to prosecute his case, the Court considers whether the case should be dismissed with prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77n.1 (3d ed. 2008); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent may enter an order of dismissal with or without prejudice.").

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;

. . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[1]  *See also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A.     Prejudice to Defendants

After carefully reviewing the case file, the Court finds that Plaintiff's neglect of this case has prejudiced Defendants.  Defendants expended time and resources to prepare Motions to Dismiss [#30 & 35].  It would further waste Defendants' time and resources to require them to continue to defend this action when it appears that Plaintiff either has no interest in or is simply incapable of prosecuting it.  While the prejudice to Defendants thus far has not been egregious, were the case to proceed, Defendants would be required to incur additional expense to comply with Court orders and to respond to any motions or other pleadings filed by Plaintiff.

### B.     Interference with the Judicial Process

The Court finds that Plaintiff's failure to prosecute his case, and specifically his failure to comply with the Order to Show Cause [#39], necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and

---

[1] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same.  *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow the Court's Order [#39] evidences a lack of respect for the Court and the judicial process.  In addition, the Court's need to frequently review the case file and issue the Order to Show Cause [#39] and this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.  "This [Recommendation] is a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unreported decision).

### C.     **Culpability of Plaintiff**

Plaintiff has, without any reasonable excuse, failed to comply with the Court's Order [#39] and failed to present any substantive argument that the Motions to Dismiss should be denied.  He has not provided any justification for his failure to respond to the Motions to Dismiss, and he did not contact the Court in any manner from September 28, 2010 through February 22, 2011.  Plaintiff was stirred to file a pleading – one which is wholly inadequate – only by the issuance of the Order to Show Cause.  From this history, the Court concludes that Plaintiff's litigation failures are willful.

### D.     **Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to move it forward.  *See Order to Show Cause* [#39].  Although Plaintiff is proceeding *pro se*, he is required to read and follow the rules of the Court.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly, it should be no surprise to Plaintiff that his failure to

prosecute his case could result in the sanction of dismissal.

### E.     Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court excuses Plaintiff's neglect. Given that the Court has already granted Plaintiff one extension of time in which to comply with the Order to Show Cause, *see Minute Order* [#44], an additional order granting him more time to comply is likely to be ineffective. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

Moreover, the inadequacy of Plaintiff's Status Update indicates that Plaintiff is unlikely to overcome the arguments presented in the Motions to Dismiss. The Motion to Dismiss [#30] filed by Defendant Colby Structural Analysis LLC ("Colby") states that "each of the five claims Plaintiff has attempted to plead against Colby . . . is stated in conclusory terms without factual allegations concerning the elements which must be established to prove the claims." *Motion to Dismiss* [#30] at 9. The Motion to Dismiss [#35] filed by Defendants Ocwen Loan Servicing LLC ("Ocwen") and HSBC Mortgage Service ("HSBC") states that Plaintiff's claims "lack specificity and fail to provide Defendants with notice as to the grounds upon which [they] rest." *Motion to Dismiss* [#35] at 6. Ocwen and HSBC contend that "the bulk of Plaintiff's [Second Amended] Complaint is incomprehensible such that Defendants are incapable of preparing for litigation." *Id.* They conclude that "none of the alleged wrongs have been alleged with sufficiency." *Id.* at 7.

Because even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong," *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995), and Plaintiff has made no effort to improve, explain,

or defend the allegations in his Second Amended Complaint, the Court finds it very likely that the Motions to Dismiss would be granted if considered on their merits.  *See Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks omitted)).

### F.   Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#39] is made **ABSOLUTE**.  Accordingly,

I respectfully **RECOMMEND** that Plaintiff's Second Amended Complaint [#22] be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

I further **RECOMMEND** that the pending Motions to Dismiss [#30 & 35] be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this

Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: March 15, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge